UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY M. THOMAS,               ) | CASE NO. C06-0153-MJP |
|     Petitioner,          ) | |
|     v.                       ) | REPORT AND RECOMMENDATION |
| KEN QUINN,                         ) | |
|     Respondent.         ) | |

### INTRODUCTION

Petitioner Gary M. Thomas proceeds *pro se* in this 28 U.S.C. § 2254 habeas challenge, alleging that he was improperly sentenced after being convicted of three counts of robbery in the second degree. (Dkts. 9 & 20, Ex 1) Respondent argues that the habeas petition is time barred under 28 U.S.C. § 2244(d). (Dkt. 18) Petitioner objects, asserting that his petition is timely because of equitable or statutory tolling. (Dkt. 24) For the reasons described below, the Court agrees with respondent that this habeas petition should be dismissed as time barred.

### BACKGROUND

Petitioner is in custody pursuant to his September 1999 convictions on three counts of

REPORT AND RECOMMENDATION
PAGE -1

robbery in the second degree. (Dkt. 20, Ex. 1) At sentencing, the trial court found petitioner to be a persistent offender under RCW 9.94A.030 due to two prior "most serious" felony convictions, and accordingly sentenced him to life in prison without the possibility of parole. (Dkt. 20, Ex. 1) Petitioner filed a direct appeal in the Washington State Court of Appeals, which affirmed the trial court in an order dated October 16, 2000. (*Id.*, Ex. 3) On December 18, 2000, petitioner filed a petition for review in the Washington Supreme Court. (*Id.*, Ex. 4) By order dated February 5, 2002, the Washington Supreme Court denied review. (*Id.*, Ex. 5)

On September 3, 2002, petitioner filed a personal restraint petition (PRP) in the Washington Supreme Court. (*Id.*, Ex. 6) The Washington Court of Appeals issued an order denying petitioner's PRP on December 17, 2002. (*Id.*, Ex. 7)

Petitioner filed a second PRP on April 7, 2004. (*Id.*, Ex. 8) On June 21, 2004, the Washington Court of Appeals dismissed this PRP because petitioner failed to pay the filing fee and did not provide a completed statement of finances. (*Id.*, Ex. 9)

Petitioner filed a third PRP on July 19, 2004. (*Id.*, Ex. 10) The Washington Court of Appeals issued an order dismissing this PRP as untimely on September 29, 2004. (*Id.*, Ex. 11) On October 20, 2004, petitioner petitioned the Washington Supreme Court for discretionary review. (*Id.*, Ex. 12) The Washington Supreme Court denied review on November 12, 2004. (*Id.*, Ex. 13) Petitioner filed his original habeas petition in this Court on January 30, 2006. (Dkt. 1) He now proceeds based on an amended petition. (Dkt. 9)

## DISCUSSION

Petitioner raises five grounds for relief in this habeas action:

GROUND ONE: The prior conviction in Cause no. 56739, King County Superior Court, September 22, 1971, which was used to invoke the [Persistent Offender Accountability Act (POAA)], is invalid due to the failure of the court to enter or record a plea or waiver of rights, therefore, the conviction does not qualify as a valid prior conviction under the P.O.A.A.

GROUND TWO: The state procedural bar (i.e. untimeliness) is not applicable because under these extraordinary circumstances there exists fundamental constitutional due process issues not subject to procedural bars.

GROUND THREE: The court's failure to consider and accept a timely filed motion on its merits, in violation of its solemn commitment to give fair consideration to such a challenge of the use of an invalid prior conviction to invoke the POAA, constitutes a failure of due process for which petitioner has a right to claim redress at any time without limitation.

GROUND FOUR: Petitioner was precluded from filing a timely P.R.P. due to the extraordinary circumstance of an external impediment: The King County Court Clerk's refusal to furnish a requested document to be used as evidence to challenge a prior conviction.  Furthermore, it was necessary, but should not have been necessary, to furnish evidence of that vacation in the record because the court had a legal obligation to examine its own record to verify the contention in the motion that no plea or waiver of rights existed, thus the court itself impeded the timely appeal for justice.

GROUND FIVE: The issue involved in this case is one of fundamental constitutional justice and the fairness of the Washington State and the United States system of justice.

(Dkt. 9) As indicated above, respondent argues that these claims are time barred under 28 U.S.C. § 2244(d).

Section 2254 contains a one-year statute of limitations:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State

REPORT AND RECOMMENDATION
PAGE -3

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), a judgment becomes final ninety days after entry of the highest state court's decision on direct review, which marks the expiration of the period for filing a petition for a writ of certiorari. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period is tolled for the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2) (emphasis added). "[A]n application is *properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Untimely applications are not "'properly filed[.]'" *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (quoting § 2244(d)(2)). State collateral review is considered "pending" and the limitation period tolled from the time the initial application for collateral review is filed until that application is disposed of by the highest state court; it "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

In this case, petitioner's direct appeal was no longer pending as of February 5, 2002, when the Washington Supreme Court denied review. (Dkt. 20, Ex. 5) Because petitioner had ninety days within which to appeal the Washington Supreme Court's decision to the United States

Supreme Court, the judgment became final for the purposes of § 2244(d) on May 5, 2002. Petitioner's federal statute of limitations subsequently ran for three months and twenty-eight days, until September 3, 2002, when petitioner filed his first PRP. (*Id.*, Ex. 6) That petition tolled the statute of limitations until January 17, 2003, when the thirty day time period for appealing the Washington Court of Appeals dismissal of petitioner's first PRP expired. (*Id.*, Ex. 7); WASH. R.A.P. 13.4.

Petitioner's second and third PRP's did not toll his statute of limitations because neither petition was properly filed. As mentioned above, petitioner's second PRP was dismissed because petitioner failed to pay the filing fee and did not provide a completed statement of finances (*Id.*, Ex. 9), and his third PRP was dismissed as untimely (*Id.*, Ex. 11). Thus, petitioner's statute of limitations ran for more than thirty-six months from January 17, 2003 to the filing of his federal habeas petition on January 30, 2006. In total, petitioner's statute of limitations ran for approximately forty months, some twenty-eight months beyond § 2254's one-year limit. Therefore, viewed pursuant to § 2244(d)(1)(A), petitioner's habeas petition is time barred.

Petitioner appears to argue that the statute of limitations should be equitably tolled or statutorily tolled under 28 U.S.C. § 2244(d)(1)(B), thus rendering his habeas petition timely. In support, he asserts that the State waived the statute of limitations, the King County Court Clerk created an impediment to filing because he or she did not provide petitioner with information petitioner requested, and because petitioner's second and third PRP's should have tolled the statute of limitations.[1] However, for the reasons described below, these arguments fail.

---

[1] Petitioner also broadly states: "The issue involved in this case is one of fundamental constitutional justice and the fairness of the United States and Washington State systems of

Tolling

The only recognized non-statutory exception to the statute of limitations is equitable tolling. *See Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc). However, "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Id.* (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1997)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying equitable tolling where delay on the part of prison officials was beyond petitioner's control and petitioner demonstrated due diligence in submitting habeas petition). Petitioner bears the burden of proving his entitlement to the equitable tolling of his statute of limitations. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner also here asserts his entitlement to statutory tolling of the statute of limitations under 28 U.S.C. § 2244(d)(1)(B). As stated above, that provision allows for the one-year limitation period to run from "the date on which the impediment to filing an application created

---

Justice. ... The substantive ends of justice far outweigh the application of any purely procedural time limitations." (Dkt. 9) However, this argument does not address the requirements of equitable or statutory tolling, because it does not affect the timeliness of this habeas petition. In addition, petitioner's argument that the trial court created an impediment to filing by failing to adequately examine the record to determine that no plea or waiver of rights existed for his prior conviction appears to recast his substantive claim for habeas relief, rather than present an independent tolling argument. Moreover, the transcripts of the hearings before the trial court reveal its thorough examination of the record. (Dkts. 25-2 & 25-3)

REPORT AND RECOMMENDATION
PAGE -6

by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]" § 2244(d)(1)(B).

A.   Waiver

Petitioner argues that "[t]he record reflects that the state waived the statute of limitations as an inducement to obtain the plea agreement." (Dkt. 24 at 5)  Petitioner's support for this argument appears to be the following:

> At the time of accepting the plea of guilty, the court accepted and granted defendant's stipulation of the right to challenge the prior convictions used to invoke the P.O.A.A., and thereby impose a sentence of life in prison without the possibility of parole.  The court subsequently violated that solemn commitment by denying the timely filed Motion challenging the validity of the prior convictions without due consideration of the facts in evidence, which are incontestable.

(Dkt. 9 at 9 (emphasis removed))

Petitioner provided no proof that the State waived the statute of limitations, and there is no evidence of such waiver in the transcript of proceedings. (Dkts. 25-2 & 25-3) Petitioner's argument may also be construed to allege that the State agreed to allow petitioner to challenge the validity of his prior convictions.  However, even if the State made such an agreement, of which there is no copy in the record, the transcript of proceedings reveals that the trial court gave petitioner the opportunity to challenge the use of his prior convictions for sentencing under the POAA, as there was briefing and oral argument on the issue before the trial court. (*Id.*) Accordingly, petitioner fails to establish that the statute of limitations was tolled by an alleged waiver by the State.

B.   Information Request

Petitioner also argues that the statute of limitations should have been tolled due to the

REPORT AND RECOMMENDATION
PAGE -7

01 failure of the King County Court Clerk to provide petitioner with a certification that no plea or

02 waiver of rights were present in the 1971 conviction file. Petitioner claims that "numerous" such

03 requests were made "in December 2003 and January 2004." (Dkt. 9 at 11) Petitioner supplies

04 letters making such a request dated January 4, 2004, January 10, 2004, and January 26, 2004.

05 (Dkt. 9, Ex. A) He does not supply evidence of any requests being made in December 2003.

06 Petitioner argues that the clerk's inaction constituted an external impediment that excuses the late

07 filing of his habeas petition.

08 However, even if petitioner had requested and received the certification from the clerk and

09 filed his habeas petition on December 1, 2003, the earliest date the alleged impediment could have

10 been present under petitioner's allegations, this habeas petition would still be time barred. That

11 is, if petitioner had filed his habeas petition on December 1, 2003, the statute of limitations would

12 have already run for 438 days (121 days between final judgment and filing of first PRP plus 317

13 days between expiration of time to appeal dismissal of first PRP and December 1, 2003), which

14 is greater than the 365 day (one-year) statute of limitations. Therefore, petitioner fails to establish

15 that any inaction on the part of the King County Court Clerk should be construed as equitably or

16 statutorily tolling his statute of limitations.

17 C.   Personal Restraint Petitions

18 Petitioner also appears to argue that his habeas petition is timely because his second or

19 third PRP should have tolled the statute of limitations. However, as reflected above, petitioner's

20 statute of limitations had expired well before he filed his second PRP on April 7, 2004 and his third

21 PRP on July 19, 2004. Thus, any argument concerning the effect of petitioner's second or third

22 PRP's does not change the fact that this habeas petition is time barred.

REPORT AND RECOMMENDATION
PAGE -8

## CONCLUSION

This action should be dismissed because petitioner's federal habeas petition is barred by the one-year statute of limitations period under § 2244(d)(1)(A). No evidentiary hearing is required as the record conclusively shows that petitioner is not entitled to relief. Accordingly, I recommend that the Court deny the petition and dismiss this action with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 29th day of September, 2006.

Mary Alice Theiler
United States Magistrate Judge